UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAMONT W.,

　　　　Plaintiff,

　　v.

COMMISSIONER OF SOCIAL SECURITY,

　　　　Defendants.

Case No. 25-cv-07629-NW

**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

Re: ECF No. 6

Self-represented Plaintiff Lamont W. initiated this litigation seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability benefits. ECF No. 1 ("Compl.").[1] The Commissioner now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on grounds that Plaintiff's action is untimely.

The Court finds this matter suitable for disposition without oral argument. Civ. L.R. 7-1(b). For the reasons set forth below, the Court GRANTS the Commissioner's motion and DISMISSES the action WITHOUT LEAVE TO AMEND.

I.    **BACKGROUND**

On August 16, 2022, Plaintiff filed applications for Title II disability insurance benefits and Title XVI supplemental security income, alleging disability beginning March 1, 2020. Plaintiff's claims were initially denied on January 26, 2023, and later denied upon reconsideration on October 26, 2023. An Administrative Law Judge ("ALJ") held a telephonic hearing on July 22,

---

[1] Record citations are to material in the Electronic Case File ("ECF"); unless otherwise noted, pinpoint citations are to the ECF-generated page numbers at the top of documents.

2024, which Plaintiff attended and was represented by counsel. On August 7, 2024, the ALJ issued an unfavorable decision finding Plaintiff not disabled. ECF No. 6-1 at 5–27. Plaintiff requested review of the ALJ's decision, which the Appeals Council denied on June 10, 2025. *Id.* at 28–34. Plaintiff filed the instant complaint on September 8, 2025.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) is designed to "test[ ] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory, or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

When analyzing a complaint under Rule 12(b)(6), the court accepts the well-pleaded factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Id.* Legal conclusions couched as factual allegations are not entitled to the assumption of truth. *Id.*

## III.    DISCUSSION

### A.    Judicial Notice

In support of its motion, the Commissioner submits the Declaration of Christianne Voegele, which attaches the ALJ's August 7, 2024 decision and the Appeals Council's June 10, 2025 denial of Plaintiff's request for review. ECF No. 6-1. Although the Commissioner's motion is based on, among other things, "other matters of which the Court takes judicial notice" (Mot. at 2), the Commissioner does not expressly request that the Court take judicial notice of the ALJ's and the Appeals Council's decisions.

The Court may nevertheless judicially notice these documents. *See* Fed. R. Evid. 201(c)

United States District Court
Northern District of California

2

("The court . . . may take judicial notice on its own . . .").  A court may take judicial notice of facts "not subject to reasonable dispute" because they are either (1) "generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Accordingly, "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)).

The ALJ's and the Appeals Council's decisions are judicially noticeable because they are administrative agency records and because Plaintiff's complaint necessarily relies on them.  *See United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) ("Courts may take judicial notice of some public records, including the records and reports of administrative bodies.") (citation modified); *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.").  The Court takes judicial notice of "only the existence of the documents themselves including the findings therein are judicially noticeable, and not the contents of the documents for the truth of the matters asserted."  *California Sportfishing Prot. All. v. Shiloh Grp., LLC*, 268 F. Supp. 3d 1029, 1038 (N.D. Cal. 2017) (citation omitted).

### B.    Plaintiff's Failure to Respond

The Commissioner filed its motion on November 4, 2025, making Plaintiff's response due November 18, 2025.  Civ. L.R. 7-3(a).  On February 2, 2026, more than three months after the deadline, Plaintiff sought an extension of the response deadline to March 11, 2026.  ECF No. 7 at 2 (explaining that "[t]his change is necessary because . . . I was not receiving my mail").  Although the Court granted his request, Plaintiff did not file an opposition nor any other response or further request with the Court.  ECF No. 8.

This alone presents a basis to grant the Commissioner's motion.  *See Ramani v. YouTube LLC*, No. 19-CV-06175-EMC, 2024 WL 251403, at *1 (N.D. Cal. Jan. 23, 2024), *appeal dismissed*, No. 24-1471, 2024 WL 4117283 (9th Cir. May 23, 2024) ("Based on his failure to

oppose, the Court could arguably grant YouTube's motion on that basis alone.  The Civil Local Rules do not expressly state that a failure to oppose a motion will be construed as consent to a motion, but a party that fails to oppose runs the risk that any opposition will be deemed waived, particularly because the Local Rules give express direction as to how to oppose a motion."); *Diggs v. Marriott Hotel Servs., LLC*, No. 24-CV-6977 NC, 2024 WL 5151139, at \*1 (N.D. Cal. Nov. 7, 2024), *appeal dismissed*, No. 24-7231, 2024 WL 5442020 (9th Cir. Dec. 19, 2024) ("A party's failure to meaningfully respond to an opposing party's argument typically amounts to waiver, concession, or abandonment of any arguments in opposition.").

### C.    Timeliness

Dismissal is also warranted because Plaintiff's lawsuit is untimely.  A claimant may seek judicial review of "any final decision of the Commissioner of Social Security . . . by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."  42 U.S.C. § 405(g).  Although Section 405(g) refers to "mailing," 20 C.F.R. § 422.210(c) provides that "[a]ny civil action . . . must be instituted within 60 days after . . . notice of the decision by the Appeals Council is received by the individual" which "shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."  Absent a showing of good cause, failure to timely file an action within the 60-day timeframe constitutes waiver of the right to judicial review. 20 C.F.R. § 404.900(b) ("If you are dissatisfied with our decision in the review process, but do not take the next step within the stated time period, you will lose . . . your right to judicial review, unless you can show us that there was good cause for your failure to make a timely request for review.").

The Appeals Council denied review on June 10, 2025, thereby making the presumptive receipt of notice June 15, 2025.  ECF No. 6-1 at 28–31; *see* 20 C.F.R. § 422.210(c).  Plaintiff was therefore required to seek judicial review by August 14, 2025.  Plaintiff's complaint, filed September 8, 2025, was 25 days late.  *See Atherton v. Colvin*, No. CV13-4870-AS, 2014 WL 580167, at \*2 (C.D. Cal. Feb. 12, 2014) (Section 405(g)'s statute of limitations required dismissal of complaint seeking judicial review filed four days outside of 60-day statutory deadline).

United States District Court
Northern District of California

4

### D.    Equitable Tolling

Plaintiff's failure to timely file his complaint may be excused under the principle of equitable tolling, but "[t]he task of showing a basis for equitably tolling the statute of limitations may . . . prove to be daunting." *Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987). "Federal courts 'have typically extended equitable relief only sparingly,' such as 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *Del Rosario v. Berryhill*, No. 18-CV-07197-DMR, 2019 WL 5067011, at *5 (N.D. Cal. Oct. 9, 2019) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). "[C]ourts generally do not grant the equitable tolling of limitations periods where the claimant failed to exercise due diligence in preserving his legal rights." *Id.* (collecting cases).

The Appeals Council's decision was mailed to Plaintiff and his counsel, and nothing in the record suggests that Plaintiff received the decision after the presumptive date of receipt. ECF No. 6-1 at 28, 31; *see* 20 C.F.R. § 422.210(c). Under these circumstances, the Court finds that Plaintiff is not entitled to equitable tolling.

### E.    Futility of Amendment

Federal Rule of Civil Procedure 15(a)(2) counsels that "[t]he court should freely give leave when justice so requires." But "[l]iberality in granting [a party] leave to amend is subject to the qualification that the amendment not cause undue prejudice to the [opposing party], is not sought in bad faith, and is not futile." *Bowles v. Reade*, 198 F.3d 752, 757–58 (9th Cir. 1999) (citation omitted). Because the statute of limitations bars Plaintiff's complaint and the complaint is not subject to equitable tolling, Plaintiff cannot cure the defects of his complaint. Because amendment would be futile, the dismissal is without leave to amend.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS the Commissioner's motion and DISMISSES Plaintiff's complaint WITHOUT LEAVE TO AMEND.

///

///

5

**IT IS SO ORDERED.**

Dated: June 8, 2026

_____

Noël Wise
United States District Judge